**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Pamela Goodwin, *et al.* | |
| Plaintiffs, | |
| v. | Civil Action No.: 1:21-cv-806-BAH |
| District of Columbia, *et al.* | |
| Defendants. | |

**PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT LIMITED EXPEDITED DISCOVERY FOR THE PURPOSE OF IDENTIFYING "JOHN DOE" DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 26(d)(1) and applicable caselaw, Plaintiffs Pamela Goodwin, Allison Lane, Jenny Lazo, Sebastian Medina-Tayac, Jesse Pearlmutter, Osea Remick, Priyanka Surio, and Eliana Troper respectfully move this Court for an order requiring Defendant District of Columbia to provide expedited discovery sufficient to identify the John Doe officers who used force against Plaintiffs as alleged in their Complaint, by May 17, 2021. (Dkt. 1). The identities of these Metropolitan Police Department (MPD) officers are unknown to Plaintiffs but believed to be known to Defendant. Plaintiffs seek this information on an expedited basis, before the issuance of a scheduling order and formal discovery, so that Plaintiffs can preserve their ability to bring any claim for assault and battery against the identified officers by the June 1, 2021 statute of limitations for such a claim. Additionally, identifying John Doe defendants early will avoid the delays associated with joining new parties at later stages of the litigation. Plaintiffs conferred with Defendant's counsel before filing this Motion, and Defendant opposes the relief requested.

**FACTS AND PROCEDURAL HISTORY**

Plaintiffs filed a Complaint on March 25, 2021 alleging that Defendants District of Columbia and former MPD Chief Peter Newsham violated their constitutional rights by using excessive force against them in response to their peaceful protest activities, as well as claims for assault and battery and negligence. (Dkt. 1). Plaintiffs' Complaint alleges that MPD officers, wearing riot gear, used batons, pepper spray, and other weapons to seize Plaintiffs. Plaintiffs' Complaint also identifies instances in which MPD officers used unnecessary force to effectuate the arrests of specific Plaintiffs. (Dkt. 1, ¶¶ 53-55). Because Plaintiffs were unable to identify the individual officers and supervisors responsible for the violations (with the exception of then-police chief Peter Newsham), Plaintiffs identified them via the use of fictitious names in the Complaint (naming them John Doe Officers 1-50).

Plaintiffs served Defendant District of Columbia on March 26, 2021. At the time of service, Plaintiffs made a request of the District to provide the names of the John Doe defendants identified in Plaintiffs' Complaint. *See* Exhibit 1. Specifically, Plaintiffs requested that Defendant provide the names of the: (1) officers participating in the arrest or seizure of Plaintiffs; (2) officers involved in transporting and processing arrestees from the 1400 block of Swann Street NW on June 1, 2020; (3) officers who used force, deployed pepper spray or completed use of force reports for actions taken on the 1400 block of Swann Street NW on June 1, 2020; (4) officers about whom a complaint for use of excessive force was filed for actions taken on the 1400 block of Swann Street NW on June 1, 2020; and (5) supervisory officers on the 1400 block of Swann Street NW and the Maurice J. Turner, Jr., Metropolitan Police Academy (where Plaintiffs were transported for processing) on June 1, 2020. Plaintiffs requested that Defendant notify them by April 2, 2021, whether they would be able to provide that

information by April 9, 2021.

Plaintiffs and Defendant subsequently conferred regarding Plaintiffs' requests for the names of John Doe defendants. On conditions upon which Plaintiffs consented,[1] Defendant ultimately agreed to provide the names of the officers who arrested Plaintiffs, the officers who transported Plaintiffs for processing, and the supervisors at the scene of the events. Defendant, however, declined to provide the names of the officers who used force or had force-related complaints against them, stating that it believed that the request was overbroad and would likely lead to further requests for information and discovery. Plaintiffs noted that they wanted only information sufficient to be able to identify potential defendants and were willing to accept whatever documents or materials would lead to that information (including video footage or use of force reports) but noted that they could not provide any more specific requests beyond what they had already suggested because Plaintiffs do not have access to all the specific information in Defendant's possession. To date, Defendant has not agreed to provide Plaintiffs with any information concerning the identities of officers who used force as alleged in Plaintiffs' Complaint. Given the apparent impasse and the time limitations, Plaintiffs notified Defendants that they would be filing the instant motion.

## ARGUMENT

Federal Rule of Civil Procedure 26(d) allows a party to seek discovery before the parties have conferred as required by Rule 26(f) if authorized by a court order. *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020). Here, Plaintiffs seek an order requiring Defendant

---

[1] Defendant agreed to provide this information if Plaintiffs agreed to a limited protective order and an extension of time for Defendants to reply to Plaintiffs' Complaint, and if Plaintiffs agreed that the requests would count against the total number of interrogatories Plaintiffs are permitted to issue under the Scheduling Order.

District of Columbia to provide information sufficient to allow Plaintiffs to identify the John Doe defendants who used force as alleged in Plaintiffs' Complaint. Such limited discovery is appropriate in this case and meets Rule 26's requirements of relevance and proportionality.

Courts within this Circuit regularly allow limited expedited discovery where it is necessary to allow Plaintiffs to learn the identities of putative defendants—such discovery is akin to jurisdictional discovery. *See id.; see also Strike 3 Holdings, LLC v. Doe*, 317 F. Supp. 3d 294, 296 (D.D.C. 2018) (noting that a "plaintiff who seeks to conduct expedited discovery prior to the Rule 26(f) conference in order to learn the identity of putative defendants requests what is in essence jurisdictional discovery" and granting the request) (quoting *Exquisite Multimedia, Inc. v. Does 1-336*, 2012 WL 177885, at *1 (D.D.C. Jan. 19, 2012) (internal quotation marks omitted)); *Warner Bros. Records, Inc. v. Does 1-6*, 527 F. Supp. 2d 1, 2 (granting request for expedited discovery to identify John Doe defendants); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008) (same).

The courts' general allowance of such expedited discovery orders is cabined only by Rule 26's general limitations on the scope of discovery. *Strike 3*, 964 F.3d at 1207; *see also Malibu Media, LLC v. John Doe*, 177 F. Supp. 3d 554, 557. Courts consider such requests according to standards of relevance and proportionality, assessing the latter "by reference to several factors, including the parties' relative access to relevant information and the importance of the discovery in resolving the issues at stake in the action." *Strike 3*, 964 F.3d at 1207 (quoting Fed. R. Civ. P. 26(b)(1) (internal quotation marks and alternations omitted)).[2]  Courts also consider the burden

---

[2] In *Strike 3*, the D.C. Circuit questioned the continued use of the "good cause" standard previously employed by courts in this district in light of the 2015 Amendments to the Federal Rules of Civil Procedure eliminating Rule 26(b)'s "good cause" requirement; it suggests instead that Rule 26(b)'s requirements of relevance and proportionality should guide the analysis. *Strike 3*, 964 at 1207 n.2. Plaintiffs would succeed under either standard. For the reasons discussed

of the proposed discovery when determining the proportionality of a request. Fed. R. Civ. P. 26(b)(1). The Rule 26 standard is easily satisfied in this case, and the court should grant Plaintiffs' request.

As a preliminary matter, the information sought is clearly relevant. When a plaintiff seeks immediate, court-ordered discovery to identify an unknown defendant, a court must only "determine whether the plaintiff should have the opportunity to name that defendant in the first place" in order to grant such a request. *Strike 3*, 964 F.3d at 1210. This is a low bar. It is "well established that plaintiffs are permitted to proceed against John Doe defendants so long as discovery can be expected to uncover the defendants' identity." *Id.* (citing *Newdow v. Roberts*, 603 F.3d 1002, 1010-11 (D.C. Cir. 2010)).  Indeed, a request for expedited discovery such as this one is "relevant" as long as there is reason to believe that it will lead to the identities of defendants over whom the court could have personal jurisdiction in a given case. *Cf. id.* at 1212.

There can be no doubt that the relevance inquiry is satisfied here. Like the Plaintiffs in *Strike 3*, the requested discovery is "necessary to reveal the defendant[s'] identiti[es]" so that Plaintiffs can begin litigating their claims against the John Doe defendants.  *Id.* at 1210. Furthermore, this Court has jurisdiction over the officers and supervisors whom Plaintiffs seek to identify—all of whom were employed by the Metropolitan Police Department of the District of Columbia and who acted to violate Plaintiffs' rights within the District on June 1, 2020. Indeed, the information sought in this case is *more* likely to be relevant than that sought in *Strike 3*, in

---

*infra*, the information sought is crucial for Plaintiffs to proceed with litigation, so it would satisfy the good cause standard just as it does the standard articulated in *Strike 3*. *See, e.g.*, *Warner Bros. Records*, 527 F. Supp. 2d at 2 ("The Court finds that plaintiffs have made a showing of good cause for the discovery they seek, as the information is not only relevant but crucial to the prosecution of plaintiffs' claims. This litigation cannot go forward without the true identities of the defendants.").

which the Court of Appeals for the D.C. Circuit reversed the District Court's refusal to issue an

order for expedited discovery. In that case, the Court of Appeals held that the trial court erred in

failing to grant a discovery order for plaintiff even though it acknowledged that, once plaintiff

was able to gather threshold facts about the alleged infringer, it might learn that he or she was

not a proper defendant over whom the court had jurisdiction. *Id.* at 1212. There is effectively no

chance of that occurring in this case—once Plaintiffs ascertain the identities of officers in

question, it is a virtual certainty that they will be proper defendants in this case.

Relatedly, the requested information is proportional to the needs of the case. The

identities of these putative defendants are wholly within the possession and control of Defendant

District of Columbia, and Plaintiffs cannot access that information—and, therefore, cannot

proceed in their case against those defendants—without a court order. This information is not

burdensome to produce, as, upon information and belief, the Metropolitan Police Department

keeps the information sought by Plaintiffs in the regular course of business, and Plaintiffs'

request is tailored to identify the officers who used the force alleged in Plaintiffs' Complaint.

Finally, there is no prejudice to Defendant in granting Plaintiffs' request. Defendant has

declined to provide this information because it is concerned that it will lead to requests for

additional information. Plaintiffs have made clear that they seek only what would allow them to

identify John Doe defendants and are willing to narrow such requests or accept a subset of

information that would allow them to identify the specific actions of officers on the scene, but

they do not know the precise information that Defendant has and therefore cannot make a more

specific request than they already have. Defendant's concern is not sufficient to outweigh the

other elements of Rule 26, especially as this information is within their possession, and without it

Plaintiffs would be significantly prejudiced, as they must identify any defendants against whom

they may seek to bring an assault and battery claim prior to June 1, 2021.

Moreover, the requested discovery will promote the efficient use of judicial resources by allowing Plaintiffs to identify defendants and amend their complaint and serve the defendants before the case proceeds into later stages of litigation. That will allow the individual defendants to participate and be heard in the case at the earliest point possible. It would also limit the unnecessary complications and duplicative pleadings and litigation that will surely accompany defendants joining the case at a later stage.

## CONCLUSION

For the foregoing reasons, Plaintiffs request the Court grant this motion and order Defendant District of Columbia to provide information sufficient to identify the John Doe officers who used force against Plaintiffs as alleged in their Complaint by May 17, 2021.

Dated: April 23, 2021

Respectfully Submitted,

/s/ Gabriel Diaz
Gabriel Diaz [DCD Bar ID: 991618]
Jia Cobb [DCD Bar ID: 503340]
Tahir Duckett*
Kali Schellenberg [DCD Bar ID: 198422]
RELMAN COLFAX, PLLC
1225 19th St NW, Suite 600
Washington, DC 20036
Tel: 202-728-1888
Fax: 202-728-0848
jcobb@relmanlaw.com
gdiaz@relmanlaw.com
tduckett@relmanlaw.com
kschellenberg@relmanlaw.com

*Attorneys for Plaintiffs*

*Admission to the District Court of the District of Columbia pending

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of April, 2021, a copy of the foregoing Plaintiffs' Motion to Obtain the Identities of John Doe Defendants was filed on the CM/ECF system for the District Court of the District of Columbia, which will send notification of such filing to all counsel of record.

/s/ Gabriel Diaz
Gabriel Diaz
*Attorney for Plaintiffs*