UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAMELA GOODWIN, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br> *Defendants*. | Case No. 1:21-cv-00806 (BAH) |

### DEFENDANT DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT LIMITED EXPEDITED DISCOVERY FOR THE PURPOSE OF IDENTIFYING "JOHN DOE" DEFENDANTS

#### INTRODUCTION

In their motion for expedited discovery, Plaintiffs ask this Court for permission to crack an egg with a sledgehammer.  Under the auspices of seeking only to identify officers who allegedly used force against Plaintiffs on the evening of June 1, 2020, Plaintiffs ask the Court to order the District to provide the names of all officers who used force against anyone on the 1400 block of Swann Street, NW that evening.  But even if Plaintiffs narrowly tailored their requested discovery to only those officers who allegedly used force against them, the burden on the District of providing such information on an expedited basis would be high.  The Court should deny Plaintiffs' motion because (1) the traditional factors guiding the Court's analysis in motions for expedited discovery weigh in the District's favor, and (2) the impending statute of limitations deadline is not a sufficient basis to grant Plaintiffs' motion.

#### BACKGROUND

Plaintiffs filed their Complaint on March 25, 2021, seeking damages under 42 U.S.C. § 1983 and related claims for the alleged actions of D.C. Metropolitan Police Department (MPD)

officials on June 1, 2020 on the 1400 block of Swann Street, NW. *See* Compl. [1] ¶¶ 1-3.  In addition to the District of Columbia and former MPD Chief Peter Newsham, Plaintiffs name 50 unidentified MPD officers as "John Doe" defendants. *See id.*   In conjunction with serving the Complaint on the District, Plaintiffs made informal requests for information identifying various MPD officials.  Subject to a protective order [12], the District agreed to informally provide some of the information requested, including the names of the arresting officers for the Plaintiffs who were arrested, the officers involved in transporting and processing the arrested Plaintiffs, and the supervising officers on scene at Swann Street.  The District objected to providing the remainder of the information Plaintiffs requested without a scheduling order in place because the remaining requests were not tailored specifically to Plaintiffs and would require extensive discovery and review to provide responses.  Plaintiffs now move for expedited discovery [11] to obtain this information.

## LEGAL STANDARD

"As a general rule, discovery proceedings take place only after the defendant has been served; however, in rare cases, courts have made exceptions, permitting limited discovery . . . to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Attkisson v. Holder*, 113 F. Supp. 3d 156, 161 (D.D.C. 2015) (quoting *Landwehr v. FDIC*, 282 F.R.D. 1, 3 (D.D.C. 2010)); *and see* Fed. R. Civ. P. 26(d)(1).  There are five factors to be considered by the Court when analyzing a motion for expedited discovery:  "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Attkisson*, 113 F. Supp. 3d at 162 (quoting *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 98 (D.D.C. 2014)).

These five factors are merely guidelines, and the Court may consider other factors in analyzing a motion for expedited discovery.  *Id*.

## ARGUMENT

The Court should deny Plaintiffs' motion because each of the factors outlined in *Attkisson* weigh in the District's favor.

*First*, there is no preliminary injunction is pending, and *second*, Plaintiffs' request is far in advance of the typical discovery process.

*Third*, Plaintiffs' requested expedited discovery is too broad.  To be clear, Plaintiffs have not attached any proposed discovery requests to their motion, making it difficult for the District to respond to requests that Plaintiffs have not set forth with specificity.  Plaintiffs' proposed order—ambiguously asking the Court to direct the District to "provide information sufficient to identify the John Doe officers who used force against Plaintiffs"—reads like a tacit admission that Plaintiffs' request for expedited discovery is too broad.

It appears that Plaintiffs seek the names of *all* officers "who used force, deployed pepper spray or completed use of force reports for actions taken on the 1400 block of Swann Street NW on June 1, 2020[,]" Pls.' Mot. [11] at 2, not simply officers who used force against *Plaintiffs*. And Plaintiffs' Complaint provides few specifics that might help narrow down the instances in which an officer used force against them.  *See* Compl. [1] at 10–13 (alleging broadly that officers "us[ed] their batons to push and batter protestors[,]" "deploy[ed] excessive amounts of pepper spray at [Plaintiffs,]" "used violent physical force[,]" and "hit demonstrators, prodded and shoved them with batons, knocked them to the ground, and pinned them against cars and trees.").

In their motion, Plaintiffs rely on several copyright actions where courts have allowed for expedited discovery to identify defendants.  *Strike 3 Holdings, LLC v. John Doe*, 964 F.3d 1203,

3

1207 (D.C. Cir. 2020); *Malibu Media, LLC v. John Doe*, 177 F. Supp. 3d 554, 557 (D.D.C. 2016); *Exquisite Multimedia, Inc. v. Does 1–336*, No. 11-1976 (RWR/JMF), 2012 WL 177885, at *1 (D.D.C. Jan. 19, 2012); *Warner Bros. Records Inc. v. Does 1–6*, 527 F. Supp. 2d 1, 3 (D.D.C. 2007).  But the plaintiffs in those matters were seeking to identify the owners of specific IP addresses that were directly linked to alleged copyright infringement.  *Strike 3*, 964 F.3d at 1207; *Malibu Media*, 117 F. Supp. 3d at 557; *Exquisite Multimedia* at *1; *Warner Bros. Records*, 527 F. Supp. 2d at 3.  Such requests were focused on identifying with specificity the putative defendants in those cases.  *See e.g., Warner Bros. Records*, 527 F. Supp. 3d at 2 ("Although plaintiffs do not know the true names of the Doe defendants, plaintiffs have identified each defendant by a unique Internet Protocol ("IP") Address assigned to that defendant on the date and at the time of that defendant's allegedly infringing activity.").

Here, Plaintiffs' request is not nearly as specific as the cases on which they rely.  And although the purpose of Plaintiffs' request for expedited discovery is unobjectionable—an intention to name the proper individual defendants—their method for effectuating that purpose is not rationally related.  In their Complaint, Plaintiffs paint a picture of countless MPD officers indiscriminately using force against hundreds of protestors.  Compl. [1].  But in their motion, Plaintiffs about-face and argue that providing the names of every officer who used force would constitute "limited discovery," narrowly tailored to allow Plaintiffs to identify only the officers who allegedly used force against them.  Pls.' Mot. [11] at 4.  But Plaintiffs fail to explain how they will be able to identify the individual officers who used force against them if they are given a list of every officer who used force against anyone at any point in time on Swann Street.  Instead, providing such a list would lead to either (a) Plaintiffs impermissibly including every officer who used force on Swann Street as a defendant, regardless of whether they actually used

4

force against any Plaintiff, or (b) follow-up requests to determine which of the officers who used force did so against Plaintiffs, amounting to full-blown discovery.

*Fourth*, even if Plaintiffs limited their request to asking the District to identify only officers who used force against them, providing that information on an expedited basis would be burdensome to the District. Indeed, the burden on the District is supported by the fact that Plaintiffs' Motion focuses solely on the *goal* of expedited discovery—identifying officers who allegedly used force against them—while whistling past the *substance* of such discovery. They halfheartedly ask the Court to order the District "to provide information sufficient" to name the individual officers, Pl.'s Mot. [11] at 7, and they appear to argue that they cannot be more exact because they "do not have access to all the specific information in [the District's] possession," *id.* [11] at 3. But it is Plaintiffs' obligation—not the District's—to craft their discovery requests.

The District does not dispute that Plaintiffs are entitled to discovery that could identify the officers who they allege used force against them and that such information will be discoverable in this case. The lack of clarity in Plaintiffs' request, and the lack of clarity in their Complaint regarding the specific force about which they complain, makes it difficult for the District to know exactly what Plaintiffs seek from the District. But the potential universe of documents and footage is large. There were approximately 200 MPD officers present at Swann Street NW on June 1, 2020, all of whom were equipped with body-worn cameras (BWC). Each officer likely has at least one if not multiple BWC recordings, each of which may be several hours long. During discovery, Plaintiffs would be entitled only to footage that is relevant to their claims, rather than all the BWC video from every officer who was present on Swann Street.[1]

---

[1] Plaintiffs have requested additional information from the District, including the names of officers who arrested, transported, and processed Plaintiffs, and the names of supervisors at the

Any review by the District of potentially hundreds of hours of footage and additional documents cannot realistically be done at the expedited pace Plaintiffs request.

*Finally*, Plaintiffs' reason for seeking expedited discovery is not persuasive. Plaintiffs suggest that the Court should grant their motion because the statute of limitations for assault and battery claims against individual officers will expire on June 1, 2021. However, Plaintiffs are in control of their complaint, and they chose to wait until March 28 to serve the District in this matter—two months and two days prior to the expiration of the statute of limitations. Presumably, Plaintiffs were aware that they did not know the identities of the officers who allegedly used force against them, and that they would seek discovery from the District on this matter. Indeed, each Plaintiff filed, through their counsel in this suit, a notice with the District's Office of Risk Management on November 12, 2020. *See* Ex. 1, Letters to ORM. But rather than bringing suit far enough in advance to allow for the necessary time for the parties to engage in discovery prior to the expiration of the statute of limitations, Plaintiffs chose to wait to file. Now, Plaintiffs ask this Court to circumvent the typical rules of discovery and force the District to respond to what will be onerous discovery requests within two weeks so that they do not miss a deadline over which they had complete control. The District should not be required to review extensive footage and respond to Plaintiffs' requests on a truncated timeline because of Plaintiffs' own delay.

Because the factors outlined in *Attkisson* weigh in favor of the District, the Court should deny Plaintiffs' motion.

---

scene. These requests were narrowly tailored, and the District has spent a significant amount of time gathering that information to provide to Plaintiffs prior to the beginning of discovery.

## CONCLUSION

Based on these reasons, the District requests that the Court deny Plaintiffs' Motion for Leave to Conduct Limited Expedited Discovery for the Purpose of Identifying "John Doe" Defendants.

Date: May 3, 2021                                           Respectfully Submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

/s/ *Stephanie E. Litos*
STEPHANIE E. LITOS [483164]
Assistant Deputy Attorney General
Civil Litigation Division

/s/ *Matthew Trout*
MATTHEW TROUT [1030119]
PHILIP A. MEDLEY [1010307]
Assistant Attorneys General
400 6th Street, N.W.
Washington, D.C. 20001
(202) 724-5695
(202) 724-6590 (fax)
matthew.trout1@dc.gov
philip.medley@dc.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAMELA GOODWIN, *et al.*,

    *Plaintiffs*,

v.

DISTRICT OF COLUMBIA, *et al.*,

    *Defendants*.

Case No. 1:21-cv-00806 (BAH)

**ORDER**

Upon consideration of the District of Columbia's Opposition to Plaintiffs' Motion for Leave to Conduct Limited Expedited Discovery for the Purpose of Identifying "John Doe" Defendants and the entire record herein, it is this _____ day of _____ 2021 hereby,

**ORDERED** that the Motion is **DENIED.**

**SO ORDERED.**

                                  HON. BERYL A. HOWELL
                                  United States District Court for the District of Columbia