## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Pamela Goodwin, *et al.* | |
| Plaintiffs, | |
| v. | Civil Action No.: 1:21-cv-806-BAH |
| District of Columbia, *et al.* | |
| Defendants. | |

**PLAINTIFFS' REPLY TO DEFENDANT DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT LIMITED EXPEDITED DISCOVERY FOR THE PURPOSE OF IDENTIFYING "JOHN DOE" DEFENDANTS**

Since Plaintiffs' first communication with Defendant District of Columbia ("Defendant") in March 2021, Plaintiffs have made every effort to demonstrate their willingness to be flexible in their request for expedited discovery that would help them identify the John Doe Defendants who used force as alleged in their Complaint (Dkt. 1). Plaintiffs initially made a discrete request for information and records identifying officers who used force or deployed pepper spray on the 1400 Block of Swann Street on June 1, 2020, and have since offered several compromise requests, all of which Defendant has rejected or ignored without suggesting alternatives based on the information it has in its possession. Hearing nothing from Defendant, Plaintiffs filed a motion for expedited discovery seeking a standard request for documents designed to maximize the flexibility afforded to Defendant to provide the relevant information. *See* Plaintiffs' Motion for Leave to Conduct Limited Expedited Discovery ("Plaintiffs' Motion") (Dkt. 11). Defendant takes Plaintiffs' good-faith efforts to find the least burdensome compromise that would allow them to discover the identities of the John Doe Defendants and wields it as a sword, suggesting

that it has left Defendant unable to ascertain what Plaintiffs seek. Indeed, evidencing their unwillingness to confer with Plaintiffs, Defendant objects to providing the information sought out of fear that Plaintiffs may have additional follow-up questions about the documents provided. Defendant's claim is inconsistent with the factual history of this case and with the applicable caselaw. Plaintiffs' request is consistent with this Circuit's jurisprudence governing expedited discovery, and the motion should be granted.

I.     **PLAINTIFFS HAVE ENGAGED IN GOOD-FAITH EFFORTS TO COMPROMISE WITH DEFENDANT AND HAVE MADE A STANDARD DISCOVERY REQUEST FOR RELEVANT INFORMATION**

Defendant complains that there is some deficiency with Plaintiffs' request for information sufficient to identify the officers who used force against Plaintiffs, but has ignored Plaintiffs' repeated requests to confer with Defendant to understand the information Defendant has in its possession that could help Plaintiffs identify the officers referenced in their Complaint. In March 2021, Plaintiffs sent a targeted request to Defendant seeking the names of the officers who used pepper spray or deployed force on Swann Street. *See* Dkt. 11-1. On April 8, 2021, weeks after Plaintiffs made their initial requests for information from Defendant, Defendant sent an email stating, without elaboration, that the requests, including Plaintiffs' request for the identities of officers who used pepper spray or deployed other force, were "far too broad and burdensome." *See* Ex. A: April 8, 2021 Email from P. Medley to G. Diaz. Since then, Plaintiffs have spent weeks repeatedly attempting to confer with Defendant to understand the nature of the claimed burden and the parameters of the documents in Defendant's possession, including in:

- A phone call on April 12, 2021 where the parties discussed Plaintiffs' initial discovery requests and Plaintiffs shared a willingness to deviate from the specific requests made if doing so would be less burdensome on Defendant. For example, Plaintiffs narrowed the scope of a request for identifying information of arresting officers and communicated that Plaintiffs would be satisfied with any information that allowed them to identify the officers who used force against them on the 1400 Block of Swann Street.

- An April 16, 2021 email in which Plaintiffs made clear that they "are not interested in engaging in full-blown discovery or anything approaching it and are happy to work with [Defendant] to get that information." Ex. B: April 15, 2021 through April 21, 2021 Email Correspondence Between G. Diaz and M. Trout at 3-4.

- An April 21, 2021 email in which Plaintiffs explained, "we do not know what information you have" and "[w]e have tried to target our request in a way that would allow us to figure out the officers' identities, which is all we want." Plaintiffs further offered, "If you have anything that you think would be more narrow than what we've asked for that would get us there (for example, if you have information regarding who used force or deployed pepper spray on Swann Street at the time in question, video footage that identifies specific officers and their actions, and/or use of force reports that identify specific officers and the force used) that would work for us. We're willing to make sure that the request is not unduly burdensome for you, but don't know how we'd narrow the request without knowing more about what information you have." Ex. B at 1.

- A telephone call to defense counsel on April 22, 2021 attempting, unsuccessfully to schedule a final telephone call to attempt to resolve the issue informally before Plaintiffs filed the instant motion.

Defendant provided no meaningful responses to these repeated requests. In response to the April 16, 2021 email, Defendant responded only that offering some of this information might lead to engaging in full discovery, Ex. B at 1-2, and, although Plaintiffs sent Defendant follow-up correspondence on April 28, 2021 and again on May 5, 2021, has not engaged in any further communications with Plaintiffs regarding this matter as of the filing of this motion. Ex. C: April 28, 2021 and May 5, 2021 E-mail Correspondence from G. Diaz to P. Medley and M. Trout. In other words, almost a month has gone by since Plaintiffs have tried to get some response from Defendant on the information concerning officers' use of force that Defendant would be willing to provide, yet Defendant has been silent. Defendant cannot expect Plaintiffs to identify with specificity the precise documents that it is seeking from Defendant when it has objected to Plaintiffs' specific request for the identities of all officers who used force on Swann Street and refused to confer with Plaintiffs about the information it would be willing to produce.

In any event, Plaintiffs' standard request for documents "sufficient to identify" a certain fact is neither vague nor deficient. It simply means that rather than requiring Defendant to produce *all* the information in its possession concerning officers' use of force at this stage, Defendant can produce some subset of information that would allow Plaintiffs to make the necessary determination about the officers to name in their Complaint. Such requests are routine and frequently issued in discovery, and Defendant provides no compelling reason why it cannot produce *any* information in response to Plaintiffs' request. *See, e.g., U.S. Commodity Futures Trading Comm'n v. Trade Exch. Network Ltd*., 61 F. Supp. 3d 1, 8 (D.D.C. 2014) (finding party's objection that it did "not know what documents 'sufficient to identify' means" was "baseless" and "deliberate obfuscation," as well as that the request required defendant to produce, at minimum, what is "unobjectionable").

Plaintiffs crafted their proposed order in this case specifically to allow Defendant to provide the information sought in the least burdensome manner possible—as Defendant, not Plaintiffs, know what information it has in its possession about officers' use of force on Swann Street. Plaintiffs' request is simply that Defendant produce the information that would allow them to identify officers referenced in the Complaint. For example, in prior conversations with Defendant, Plaintiffs have suggested that Defendant provide — and, for the purposes of identifying officers, would be entitled to — use of force reports, documentation of pepper spray usage, and body camera footage (the existence of which was disclosed for the first time in Defendant's Opposition Brief) of the Swann Street arrests. Even if this information would provide Plaintiffs with more information than necessary to identify officers they may seek to name as defendants, it would be Plaintiffs' responsibility to review the information provided to make that determination. Plaintiffs have made clear, through repeated correspondence to

Defendant, what they are seeking from Defendant in this case, and Defendant is in the best position as the custodian of the information in question to identify information responsive to Plaintiffs' request.

## II.   PLAINTIFFS' REQUEST SHOULD BE GRANTED

Defendant frames its argument around the five-factor test for establishing good cause used in *Attkisson v. Holder*, 113 F. Supp. 3d 156, 161 (D.D.C. 2015); however, the 2015 amendments to the Federal Rules of Civil Procedure eliminated the Rules' "good cause" requirement. As explained in Plaintiffs' opening brief, in light of those amendments, the D.C. Circuit recently called into question the continued applicability of the good cause standard in analyzing parties' requests for expedited discovery. *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 n.2 (D.C. Cir. 2020). In doing so, it reversed a district court's denial of a request for expedited discovery applying Rule 26(b)'s "relevant and proportional" standard. *Id.* at 1207. While this Court should similarly question the continued applicability of the good cause standard and apply the framework set forth in *Strike 3 Holdings*, under either standard—relevance and proportionality or good cause—Plaintiffs' Motion should be granted.

### A.   **Plaintiffs' Request is Relevant and Proportional**

Plaintiffs' request for expedited discovery is both relevant and proportional as is required for expedited discovery under Fed. R. Civ. P. 26(b)(1). As Defendant concedes, Plaintiffs have the right to identify putative defendants. Def.'s Opp. (Dkt. 13) at 4 (acknowledging that "the purpose of Plaintiffs' request for expedited discovery is unobjectionable—an intention to name the proper defendants"). Plaintiffs' request for information sufficient to identify the officers who used force against them is plainly relevant to Plaintiffs' claims. Nothing more is needed to satisfy the relevance standard.

Furthermore, the requests are "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1). Courts in this district consider six factors when determining proportionality: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden of the proposed discovery outweighs its likely benefit." *Ramirez v. U.S. Immigr. and Customs Enf't*, 331 F.R.D. 194, 198-99 (D.D.C. 2019) (citing *In Re Broiler*, No. 16 C 8637, 2018 WL 3586183 at *8 (N.D. Ill. July 26, 2018)).

Plaintiffs allege that unknown Metropolitan Police Department (MPD) officers violated their constitutional rights and the information sought is necessary for Plaintiffs to identify and serve those officers; it is clearly "important to the issues at stake in the action." *See Strike 3 Holdings, LLC*, 964 F.3d at 1210 ("That is precisely what Strike 3 seeks here: the discovery necessary to reveal the defendant's identity and to begin litigating its infringement claims."). The information is also wholly within Defendant's possession and Plaintiffs cannot access it without this request being granted. Furthermore, Plaintiffs' state tort claims cannot be resolved without the discovery. Finally, the request is not unduly burdensome, particularly not relative to importance of the information sought. In communications with Defendant, Plaintiffs have suggested that the type of information that may help Plaintiffs identify the John Does officers includes reports and complaints regarding individual officers' use of force at the time and place in question, which Defendant can presumably provide to Plaintiffs with little difficulty. Indeed, the only claim of burden Defendant makes is its suggestion that it will need to review a substantial amount of body camera footage to identify officers for Plaintiffs, but they do not need to watch every moment of the recordings to identify the general time period and location in

which the relevant footage can be found and provide that footage to Plaintiffs.[1] Finally, as

Plaintiffs have made clear, both in conversations with Defendant and in the proposed order here

(Dkt. 11-2), they are willing to accept any information that would be sufficient to allow them to

identify John Doe officers.

For the reasons mentioned in Plaintiffs' Motion, the requested information clearly

satisfies the Rule 26 standard and this Court should therefore grant Plaintiffs' motion.

### B.  Defendant's Reliance on *Attkisson* is Misplaced

Even had the D.C. Circuit not moved away from the "good cause" standard, Defendant is

incorrect that *Attkisson* compels a denial of Plaintiffs' motion. The *Attkisson* good-cause

standard considers: "(1) whether a preliminary injunction is pending; (2) the breadth of the

discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the

defendants to comply with the requests; and (5) how far in advance of the typical discovery

process the request was made." 113 F. Supp. 3d at 162. As true in *Attkisson*, "[t]he first factor is

inapplicable because a motion for a preliminary injunction is not pending." *Id.* Accordingly, it is

not a factor that weighs against Plaintiffs in this analysis, it simply is not relevant here.

As to the second factor, the requests are not overly broad. For example, in *Attkisson*, the

plaintiffs' proposed interrogatories contained 53 discrete subparts, including "any person" or "all

persons" with knowledge of broad categories of information and sought identification of

individuals throughout the entire federal government that clearly were calculated to reach "the

merits of plaintiffs' claims that the alleged intrusions an surveillance took place, and [sought] to

---

[1] To be clear, Plaintiffs do not expect Defendant to review hundreds of videos to comply with Plaintiffs' request.  If Defendant has videos that could allow Plaintiffs to identify the officers named in their Complaint, Defendant can produce them. Even though such footage is a public record, Plaintiffs have agreed to receiving information produced at this stage under a protective order, so there should be no concern about turning over the information. Further, Plaintiffs would be entitled to the footage depicting the events described in the Complaint and actions of officers on the scene in discovery, particularly because Plaintiffs' allege unconstitutional policies, practices, and customs beyond the actions of specific officers.

test theories regarding the involvement of the White House that are not even mentioned in the complaint." *Id*. at 163. Plaintiffs here do no such thing. Plaintiffs simply seek information sufficient to identify John Doe officers who used force against them, and Defendant has repeatedly ignored Plaintiffs' attempts to work with Defendant to discuss the specific information in their possession that Defendant could produce to Plaintiffs.

Defendant claims that Plaintiffs' "method for effectuating" discovery for the purpose of naming individual defendants is not "rationally related" to that purpose because it is either overbroad or will require "follow up requests to determine which of the officers who used force did so against plaintiffs, amounting to full-blown discovery." Def.'s Opp. at 4-5. But as the D.C. Circuit makes clear, a court must only conclude that there is "reason to believe" or a "realistic chance" that discovery will yield relevant information. *See Strike 3 Holdings, LLC*, 964 F.3d at 1210-12 ("On the allegations before us, we cannot conclude that there is no 'realistic chance' that the discovery Strike 3 sought will yield information relevant to its suit or that Strike 3 could not state a plausible claim against the IP address subscriber if the suit reaches the Rule 12(b)(6) phase."); *see also Attkisson*, 113 F. Supp. 3d at 161 (noting that courts only should deny motions for expedited discovery when it is "clear that discovery would not uncover the identities" of defendants). Here, it clearly would. That Plaintiffs may hypothetically have follow-up questions to assist them in identifying John Doe officers does not change that analysis, and Defendant's concern about potentially having to engage with Plaintiffs further is indicative of Defendant's unwillingness to confer with Plaintiffs. *See Strike 3 Holdings, LLC*, 964 F.3d at 1210 (finding that the district court erred in denying request partly because the plaintiff would "have to resort to far more intensive discovery machinations sufficiently establishing defendant did the infringing"). Defendant can also object to answering questions that go beyond the scope of the

discovery order. In neither event would the parties be engaged in full-blown discovery.

Third, the requests are being made for the purpose of identifying the John Doe officers prior to the expiration of the statute of limitations. "When the plaintiff will be irreparably harmed without expedited discovery, this factor weighs in favor of granting a motion for expedited discovery." *Attkisson*, 113 F. Supp. 3d at 164. Courts routinely grant expedited discovery in advance of a pending statute of limitations deadline. *See, e.g., Gutierrez v. Martinez*, No. L-12-18, 2012 WL 13149228, at *2 (S.D. Tex. Mar. 12, 2012) (finding good cause to grant expedited discovery because the statute of limitations was about to expire); *Vance v. Rumsfeld*, No. 06-C-6964, 2007 WL 4557812, at *5-6 (N.D. Ill. Dec. 21, 2007) (granting plaintiffs' motion for expedited discovery to identify the names of federal agents because plaintiffs' concern about the looming statute of limitation deadline on their Bivens claim outweighed Government's concern about conducting expedited discovery in a war zone).

 Although completely irrelevant to the inquiry whether Plaintiffs are entitled to expedited discovery, Defendant suggests that Plaintiffs are somehow at fault for not filing their Complaint far enough in advance of the statute of limitations. But Plaintiffs filed their Complaint months prior to the expiration of the statutes of limitations and immediately notified Defendant of their need for that information, leaving more than enough time for Plaintiffs to receive information from Defendant and amend their complaint before the limitations period. Defendant has had more than sufficient time to provide Plaintiffs with the requested information and has created more urgency by failing to respond to Plaintiffs' repeated communications.[2]

Fourth, Plaintiffs' requests are not overly burdensome. Defendant's only claim of burden, raised for the first time in response to Plaintiffs' Motion, is that it has to review extensive video

---

[2] Plaintiffs assure the Court that they have diligently pursued the investigation and subsequent filing of Plaintiffs' claims. Defendant's suggestion to the contrary is without merit.

footage to comply with Plaintiffs' request. As discussed above, *see supra* pp.6-7, that is

unnecessary. Nor does Defendant's argument about the video footage provide an explanation as

to why it cannot produce *any* other police reports, documents, or information related to officers'

use of force on Swann Street. To the extent that video footage is the best or only information that

Defendant has that would allow Plaintiffs to identify the actions of specific officers on the scene,

Plaintiffs are more than willing to assume the purported "burden" of reviewing the information,

which would be under protective order at this stage of the litigation. While Defendant suggests it

would need to review all of the body camera footage for each of the 200 MPD officers on Swann

Street, it is factually unlikely that they would need to review footage from *every* officer rather

than merely those on the front lines. It knows which officers were stationed on which parts of

Swann Street and the times during which officers kettled protesters and it could provide those

recordings to Plaintiffs for review. Defendant's purported burden argument does not outweigh

Plaintiffs' need for this information. Furthermore, Defendant does not even attempt to explain

why it would be burdensome to produce any use of force reports, complaints of use of force, or

documentation of which officers possessed or deployed pepper spray at the time and place in

question.  *See Rumsfeld*, 2007 WL 4557812, at *5-6 (granting expedited discovery of the

identities of FBI agents despite the burden faced by the United States in conducting expedited

discovery in an active war zone).

Fifth, though Plaintiffs seek this discovery in advance of the typical discovery process,

courts have granted expedited discovery where the other factors have weighed in favor of the

grant, "even if it occurred in advance of the typical discovery process." *Damus v. Nielsen*, 328

F.R.D. 1, 5 (D.D.C. 2018). As is reflected in the cases cited above, a request for discovery to

identify unknown defendants is regularly granted at this stage of a case and, indeed, will almost

always occur at this stage of litigation. Furthermore, the start of discovery in this case was delayed because Plaintiffs consented to an extension for Defendants' time to respond to Plaintiffs' Complaint.

**III.      CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court grant their Motion for Expedited Discovery.


Dated: May 7, 2021                                       Respectfully Submitted,

                                                         /s/ Gabriel Diaz
                                                         Gabriel Diaz [DCD Bar ID: 991618]
                                                         Jia Cobb [DCD Bar ID: 503340]
                                                         Tahir Duckett*
                                                         Kali Schellenberg [DCD Bar ID:
                                                         198422]
                                                         RELMAN COLFAX, PLLC
                                                         1225 19th St NW
                                                         Suite 600
                                                         Washington, DC 20036
                                                         Tel: 202-728-1888
                                                         Fax: 202-728-0848
                                                         jcobb@relmanlaw.com
                                                         gdiaz@relmanlaw.com
                                                         tduckett@relmanlaw.com
                                                         kschellenberg@relmanlaw.com

                                                         *Attorneys for Plaintiffs*

                                                         *Admission to the District Court of
                                                         the District of Columbia pending