IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAMELA GOODWIN, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.* <br><br> Defendants. | Civil Action No. 1:21-cv-00806-BAH |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Plaintiffs Pamela Goodwin, Osea Remick, Jesse Pearlmutter, Jenny Lazo, Priyanka Surio, Allison Lane, and Eliana Troper ("Plaintiffs") respectfully submit this Motion for Leave to Amend their Complaint ("Motion"). Discovery in the past two weeks has demonstrated that a claim that the D.C. Circuit did not recognize until last year—selective enforcement in violation of the First Amendment—applies here as a theory for relief for Plaintiffs' First Amendment claims. Although the deadline to amend the complaint has passed, based on the change in the governing law and recently learned facts, Plaintiffs seek to amend the Complaint solely to clarify that they will pursue their First Amendment claim through both a retaliation theory and the selective enforcement theory the D.C. Circuit recognized and elucidated in *Frederick Douglass Foundation, Inc. v. District of Columbia*, 82 F.4th 1122 (D.C. Cir. 2023). *Frederick Douglass* was decided in August 2023, after the January 2023 deadline to amend the pleadings had passed.[1]

---

[1] Plaintiffs have attached a proposed amended complaint with that change in redline as Exhibit A to this Motion, and an identical, clean version of the proposed amended complaint as Exhibit B to

Plaintiffs' complaint already includes a First Amendment claim under 42 U.S.C. § 1983, and it is Plaintiffs' position that they could prove that claim through either a retaliation or a selective enforcement theory under the complaint as currently pled. Nevertheless, to clarify any ambiguity before summary judgment, Plaintiffs move to amend to make clear that their First Amendment claim may be proven through either a retaliation theory or a selective enforcement theory.

In this District, Federal Rule of Civil Procedure 16(b)(4) applies where a party seeks to amend a pleading after the deadline for amendments has passed. *See United States v. Eisenberg*, 149 F. Supp. 3d 71, 85 (D.D.C. 2015); *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 292 F.R.D. 142, 143-44 (D.D.C. 2013).[2] Under Rule 16, a schedule may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry focuses on (1) diligence of the party seeking to amend and (2) prejudice to the opposing party. *See A Love of Food I*, 292 F.R.D. at 144 (the "primary factor in determining whether good cause exists is the diligence of the party," and "the movant should also show lack of prejudice to the opposing parties.").

As discussed below, Plaintiffs have been diligent in seeking to amend—the Court of Appeals for the D.C. Circuit did not announce the legal predicate for the proposed amendment until several months after the deadline to amend had passed, and through depositions in recent weeks, Plaintiffs have learned facts making clear the applicability of the selective enforcement theory to the facts here and the propriety of amending. Moreover, there is no prejudice to

---

this Motion. Pursuant to Local Rule 7(m), Plaintiffs have conferred with Defendants on this motion, and Defendants do not consent to amendment here.
[2] The Court here set a scheduling order on December 7, 2022, setting a deadline of January 23, 2023 to amend the pleadings and join parties. *See* Dkt. 52; Dec. 7, 2022 Minute Order.

Defendants in amending now because the amendment merely clarifies the legal theories under which Plaintiffs seek relief (as opposed to adding a new cause of action), and because the factual bases for the additional claim have been long known to Defendants and are within the heartland of discovery in this case.

A. <u>Plaintiffs Have Been Diligent in Moving to Amend.</u>

Plaintiffs' amendment here merely clarifies that in addition to a First Amendment retaliation theory, Plaintiffs can show that Defendants impermissibly interfered with their First Amendment rights by demonstrating selective enforcement. Plaintiffs' current complaint, by pleading a First Amendment claim, could already be proven through both a retaliation and a selective enforcement theory, but Plaintiffs amend to make clear to Defendants in advance of summary judgment briefing that these theories provide independent bases for proving Defendants' liability. Plaintiffs have been diligent in seeking amendment on this theory—they could not have amended the complaint to include it before the January 2023 deadline. Plaintiffs now move to amend because the theory of liability has been made clear by the D.C. Circuit, and discovery in the past two weeks has demonstrated its relevance to Plaintiffs' case.

The D.C. Circuit first explicitly recognized a distinct First Amendment selective enforcement claim in *Frederick Douglass Foundation, Inc. v. District of Columbia*, 82 F.4th 1122 (D.C. Cir. 2023). Prior to that decision, the D.C. Circuit had indicated in dicta that "'[s]elective enforcement' is not, of course a First Amendment cause of action," *Sanjour v. EPA*, 56 F.3d 85, 92 n.9 (D.C. Cir. 1995) (en banc) (cleaned up); *see also Frederick Douglass*, 82 F.4th at 1143 n.7, and a court in this District held in March 2021 that selective enforcement claims were unavailable under the First Amendment. *See Frederick Douglass Found., Inc. v. D.C.*, 531 F. Supp. 3d 316, 327 (D.D.C. 2021) (issued March 26, 2021). When the District Court decision in *Frederick*

3

*Douglass* was appealed to the D.C. Circuit, however, that Court unequivocally announced a distinct First Amendment selective enforcement claim "consistent with decisions from our sister circuits." *Frederick Douglass*, 82 F.4th at 1145. The Court also clarified that, unlike an equal protection selective enforcement claim, a First Amendment selective enforcement claim does not require a showing of intentional discrimination, *id.* at 1143. Because the legal basis for the amendment had not been established by the deadline to amend the complaint, Plaintiffs have not shown a lack of diligence for failing to amend within the deadline. *Cf. A Love of Food I*, 292 F.R.D. at 144 (finding undue delay where moving party could not show that need to amend "arose after the scheduling order had passed due to a change in law or newly discovered evidence").

To understand why recent discovery developments bear on the selective enforcement theory, the elements of the two theories are instructive—proving First Amendment retaliation requires showing:

> (1) that [the plaintiff] engaged in protected conduct; (2) that the government took some retaliatory action sufficient to deter a person of ordinary firmness in plaintiff's position from speaking again; and (3) that there exists a causal link between the exercise of a constitutional right and the adverse action taken against him.

Dkt. 41 at 20-21 (quoting *Doe v. District of Columbia*, 796 F.3d 96, 106 (D.C. Cir. 2015)); *see also Nieves v. Bartlett*, 587 U.S. --, 139 S. Ct. 1715, 1722 (2019). First Amendment selective enforcement liability similarly requires a showing that the plaintiff "was singled out for enforcement 'from among others similarly situated,'" *Frederick Douglass Found.*, 82 F.4th at 1137, and that the enforcement infringed on the plaintiff's First Amendment rights, *id.* at 1136, 1140. However, unlike a First Amendment retaliation claim, which requires a showing that animus motivated the enforcement decision, a First Amendment selective enforcement claim does not require a showing of intentional discrimination. *See id.* at 1143.

This theory of liability was recognized by the D.C. Circuit when Plaintiffs were engaged

4

in discovery and before any depositions had been taken. Its relevance to this case became clear in the last two weeks during the depositions of Chief Newsham and Assistant Chief Carroll. Plaintiffs' First Amendment claims here turn on the argument that Defendants enforced the curfew against them while failing to enforce the curfew on other similarly situated curfew violators, and in doing so, infringed on Plaintiffs' rights under the First Amendment. Chief Newsham, who was deposed two weeks ago, on February 23, 2024, and Assistant Chief Carroll, who was deposed last week, on February 27, 2024, both explicitly testified that the MPD did not enforce the curfew equally against all curfew violators and had no plan to. Chief Newsham also testified that enforcing the curfew against Plaintiffs and others on Swann Street was part of an MPD strategy to respond to violence in the days preceding Plaintiffs' arrest.[3] The testimony of these two witnesses and other officers deposed in the past two months, along with documentary evidence produced as recently as this week, has also demonstrated that others who were out on June 1, 2020, who were not engaged in protest activity, were not arrested. While Plaintiffs expect that the meaning of this evidence will be the subject of dispositive motions, this recently produced evidence and testimony support Plaintiffs' claim that MPD singled out people engaged in protest activity for a mass arrest on the evening of June 1, 2020, while not arresting other similarly situated curfew violators, both retaliating against and selectively enforcing the curfew against Plaintiffs, in violation of their First Amendment rights. *See Frederick Douglass Found.*, 82 F.4th at 1137-41.

---

[3] Because these depositions were taken recently, Plaintiffs do not yet have deposition transcripts, but Plaintiffs can provide these to the Court on an expedited basis at the Court's request.

> B. **Defendants Are Not Prejudiced By Amendment Because the Facts That Form the Basis of the Claim Have Long Been Known to Defendants and Are Central to Discovery of Plaintiffs' Existing Claims.**

Defendants will not be prejudiced by amendment now, as the selective enforcement theory of relief does not demand additional discovery beyond what is already required for Plaintiffs' other claims, and the facts underlying it have long been known to Defendants.

Amending to clarify that Plaintiffs may proceed under a selective enforcement theory does not require additional discovery. The facts underpinning Plaintiffs' First Amendment selective enforcement claims concern Defendants' treatment of Plaintiffs on Swann Street on June 1, 2020; the reasons for that treatment; and Defendants' treatment of similarly situated curfew violators. These are the core facts at issue in this case. Moreover, all the new facts identified in discovery relevant to this claim—that Defendants knowingly and pursuant to a departmental plan enforced the curfew only against participants in protests against police brutality but not against other individuals violating the curfew—are in Defendants' possession. These facts, while not previously known to Plaintiffs, have long been known to Defendants.

Defendants are not prejudiced by an amendment that requires no additional discovery. *See, e.g.*, *Miller v. Gray*, No. 13-cv-2018 (BAH), 2016 WL 8671830, at *2 (D.D.C. Dec. 16, 2016) (Howell, J.) ("To show prejudice from a proposed amended pleading, an 'opposing party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely.'") (quoting *In re Vitamins Antitrust Litig.*, 217 F.R.D. 30, 32 (D.D.C. 2003)); *Caribbean Broad Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1084 (D.C. Cir. 1998) (citing *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690 (8th Cir. 1981) for proposition that an opposing party is not prejudiced by an amendment where "facts underlying new and old counts were similar."). To the

contrary, this amendment benefits Defendants by ensuring the opportunity to address all theories and claims in a dispositive motion.

*   *   *

Leave to amend is appropriate here: Plaintiffs have acted with diligently, and Defendants are not prejudiced by the amendment. Accordingly, pursuant to Federal Rule of Civil Procedure 16(d)(4), Plaintiffs respectfully request that the Court grant this Motion for Leave to Amend the Complaint.

Date: March 8, 2024

Respectfully Submitted,

/s/ Rebecca Livengood
Rebecca Livengood [DCD Bar ID: 1674010]
Jennifer Klar [DCD Bar ID: 479629]
Gabriel Diaz [DCD Bar ID: 991618]
Nicholas Abbott [DCD Bar ID: 90010173]
RELMAN COLFAX PLLC
1225 19th St., N.W., Suite 600
Washington, D.C. 20036
Tel: (202) 728-1888
Fax: (202) 728-0848
rlivengood@relmanlaw.com
jklar@relmanlaw.com
gdiaz@relmanlaw.com
nabbott@relmanlaw.com

*Attorneys for Plaintiff*